J-A14043-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RAYMOND HOLLEY | : | |
| | : | |
| Appellant | : | No. 958 EDA 2023 |

Appeal from the PCRA Order Entered March 17, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0818601-1982

BEFORE: LAZARUS, P.J., STABILE, J., and LANE, J.

MEMORANDUM BY LANE, J.: **FILED SEPTEMBER 6, 2024**

Raymond Holley ("Holley") appeals from the order dismissing his petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA").[1] We affirm.

In October 1981, Emmanuel Johnson ("decedent") caused a minor vehicle accident and, after giving the other motorist some money, was approached by three teenagers. One of the teenagers threatened decedent and demanded money, while another punched him in the face. Decedent fell, hit his head, lost consciousness, and died approximately two weeks later. The ensuing police investigation revealed that Holley was the teenage perpetrator who punched decedent. In August 1982, police arrested Holley and charged him with murder and related offenses. The matter proceeded to a jury trial at which an eyewitness and a co-conspirator testified that Holley punched

---

[1] *See* 42 Pa.C.S.A. §§ 9541-9546.

decedent. Holley testified on his own behalf and claimed that he was not involved, but that he saw the accident and witnessed an unidentified male punch decedent. At the conclusion of trial, the jury found Holley guilty of criminal conspiracy, second-degree murder, involuntary manslaughter, and robbery. The trial court sentenced Holley to life in prison. This Court affirmed the judgment of sentence, and our Supreme Court denied allowance of appeal on October 6, 1992. *See Commonwealth v. Holley*, 490 A.2d 11 (Pa. Super. 1985) (unpublished memorandum), *appeal denied,* 615 A.2d 1311 (Pa. 1992).

Holley thereafter filed several unsuccessful PCRA petitions.[2] However, in 2012, Holley successfully argued in his fifth PCRA petition that the United States Supreme Court's decision in *Miller v. Alabama*[3] rendered his life sentence illegal because he was a minor at the time of the murder. On March 10, 2017, the trial court resentenced Holley to thirty years to life in prison on his second-degree murder conviction and imposed no further penalty on his remaining convictions. Holley did not file a post-sentence motion or a direct

---

[2] *See Commonwealth v. Holley*, 726 A.2d 411 (Pa. Super. 1998) (unpublished memorandum) (affirming the denial of Holley's first PCRA petition), *appeal denied,* 737 A.2d 1224 (Pa. 1999); *see also Commonwealth v. Holley*, 764 A.2d 1123 (Pa. Super. 2000) (unpublished memorandum) (affirming the denial of Holley's second PCRA petition); Holley's third PCRA petition was dismissed in 2006, and he did not appeal the dismissal of that petition; *Commonwealth v. Holley*, 55 A.3d 129 (Pa. Super. 2012) (unpublished memorandum) (affirming the denial of Holley's fourth PCRA petition).

[3] *See* 567 U.S. 460 (2012).

appeal. Holley was subsequently released from prison and is serving parole for the remainder of his life.

On September 30, 2019, Holley filed the instant *pro se* petition. The PCRA court appointed counsel, who filed a ***Turner*/*Finley***[4] "no-merit" letter noting that the PCRA petition was untimely and did not meet an exception to the timeliness requirement. Subsequently, the PCRA court appointed new counsel, who filed two amended petitions. In the second amended petition, Holley averred that in June 2019, he discovered a 2017 lawsuit alleging misconduct by Detective James Hughes in an unrelated criminal case. Holley noted that Detective Hughes was involved in the investigation of the murder and robbery of decedent in his criminal case. Holley claimed that the allegations of misconduct by Detective Hughes in the unrelated criminal case constituted a newly-discovered fact, and that he filed his petition within one year of his discovery of those allegations.

The second amended petition further alleged that the prosecution failed to identify certain witnesses or provide their statements to the defense. The petition averred that, during an evidentiary hearing conducted by the PCRA court in 1996 in relation to Holley's first PCRA petition, the Commonwealth produced the 1981 statement of Kevin Stanton ("Stanton"), who told police that he witnessed the crime and that Holley was not involved. **See** Second

---

[4] **See Commonwealth v. Turner**, 544 A.2d 927 (Pa. Super. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*) (collectively, "***Turner*/*Finley***").

Amended Petition, 8/30/21, at unnumbered 4. Holley appended to the petition various pages from a transcript of the 1996 PCRA hearing which referenced an ineffective assistance of counsel claim based on trial counsel's failure to call Stanton to testify as a defense witness. *See id*. at Exhibit 1. The petition repeatedly referenced Holley's review of the police homicide investigation file, and claimed that, in addition to Stanton, Stanley Alston ("Alston") informed police that Holley did not punch decedent. The petition claimed that, in a recent statement, Alston indicated that Detective Hughes repeatedly coerced and harassed him about Holley's involvement in the case. Based on the statements of Stanton and Alston, as contained in the homicide investigation file, the petition averred that Detective Hughes and the other detectives concealed exculpatory evidence.

The PCRA court conducted an evidentiary hearing at which Alston testified that he was with decedent prior to the altercation with the three teenagers and saw the teenagers approach him. *See* N.T., 3/17/23, at 32. Alston stated that Holley was not one of the three teenagers and was not in the vicinity. *Id*. at 32-34. However, when confronted with his oral statement to police in 1981, Alston conceded that he told police he did not see anyone punch decedent. *Id*. at 86-88. Alston did not claim that he was coerced or harassed by any detective during the investigation. At the conclusion of the hearing, the PCRA court found Alston's testimony to be incredible and, without addressing the untimeliness of the petition, orally denied it on the merits. *Id*.

- 4 -

at 100-01, 105.[5] On March 23, 2023, the PCRA court entered an order denying

Holley's petition. Holley filed a timely notice of appeal and both he and the

PCRA court complied with Pa.R.A.P. 1925.

Holley raises the following issue for our review:

> [] Holley learned that a favorable witness was pressured by police to identify him as the perpetrator. This treatment was suppressed by the government and he never testified at trial nearly four decades ago. Did the PCRA court err by determining his testimony was incredible due to inconsistencies that were plainly the result of the passage of time?

Holley's Brief at 5.

Our standard of review of an order denying a PCRA petition is well-

settled:

> We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. This Court may affirm a PCRA court's decision on any grounds if the record supports it. Further, we grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. However, we afford no such deference to its legal conclusions. Where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review plenary.

***Commonwealth v. Ford***, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citations

omitted).

---

[5] Although Stanton was present at the evidentiary hearing, Holley opted not to call him as a witness, purportedly due to Stanton's prior convictions, which could have been used to impeach his credibility. ***See*** N.T., 3/17/23, at 18-20.

The PCRA requires that any petition, including a second or subsequent petition, must be filed within one year of the date the judgment of sentence becomes final. *See* 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of Pennsylvania and the United States Supreme Court, or at the expiration of time for seeking such review. *See* 42 Pa.C.S.A. § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional in nature, and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. *See Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 (Pa. 2010).

Holley was resentenced on March 10, 2017, and he had until April 10, 2017, to file a direct appeal.[6] *See* Pa.R.A.P. 903(a) (providing thirty days in which to file a notice of appeal). Because Holley did not file a post-sentence motion or a direct appeal, his judgment of sentence became final on this date. *See* 42 Pa.C.S.A. § 9545(b)(3). Holley then had one year from that date, until April 10, 2018, to file a timely PCRA petition. *See* 42 Pa.C.S.A. § 9545(b)(1). As the instant petition was not filed until September 30, 2019, it is facially untimely under the PCRA's one-year time bar.

_____

[6] We note that, the thirtieth day after March 10, 2017, fell on April 9, 2017, which was a Sunday. Thus, Holley had until Monday, April 10, 2017, to file his direct appeal. *See* 1 Pa.C.S.A. § 1908 (providing that when a statutory filing deadline falls on a Saturday, Sunday, or holiday, the deadline will be extended to the next business day).

Nevertheless, Pennsylvania courts may consider an untimely PCRA petition if the petitioner explicitly pleads and proves one of three exceptions pursuant to section 9545(b)(1)(i)-(iii). Relevantly, the newly-discovered fact exception excuses the untimeliness of a petition where the petitioner pleads and proves that "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence[.]" 42 Pa.C.S.A. § 9545(b)(1)(ii). Such due diligence requires "that the petitioner take reasonable steps to protect his own interests." *Commonwealth v. Myers*, 303 A.3d 118, 121 (Pa. Super. 2023). The exception focuses on the discovery of new facts, and not on new sources for previously known information. *See Commonwealth v. Marshall*, 947 A.2d 714, 720 (Pa. 2008).

Our Supreme Court has ruled that an allegation of misconduct by a police officer in an unrelated case does not constitute a newly-discovered fact under the PCRA. *See Commonwealth v. Castro*, 93 A.3d 818, 825-27 (Pa. 2014). The *Castro* Court explained that a newspaper "article contain[ed] allegations that suggest such evidence may exist, but allegations in the media, whether true or false, are no more evidence than allegations in any other out-of-court situation" and generally constitute inadmissible hearsay. *Id*. at 825; *see also Commonwealth v. Abu-Jamal*, 941 A.2d 1263, 1269 (Pa. 2008) (holding that a claim based on inadmissible hearsay does not satisfy the "newly-discovered fact" exception). Instead, the High Court determined that

the newspaper article merely referenced information which could lead the petitioner to discover facts. **See Castro**, 93 A.3d at 827. Where a source merely provides a starting point for a defendant to investigate and discover additional sources of new facts, that source does not constitute a newly-discovered fact but may simply lead a defendant to a newly-discovered fact. **See Commonwealth v. Brown**, 141 A.3d 491, 503 (Pa. Super. 2016).

As a threshold matter, we must determine whether we have jurisdiction to consider the merits of Holley's facially untimely PCRA petition. Although the PCRA court did not determine whether Holley's untimely petition met any exception to the PCRA's one year time-bar, we must undertake this determination before reaching the merits of his petition, as it impacts our jurisdiction. **See Commonwealth v. Pursell**, 749 A.2d 911, 914 (Pa. 2000).

In his second amended petition, Holley claimed that he satisfied the newly-discovered fact exception provided by section 9454(b)(1)(ii). Specifically, the petition indicated that in June of 2019, Holley learned of a 2017 lawsuit which alleged misconduct by Detective Hughes in an unrelated criminal investigation. Holley claimed that his discovery of these allegations against Detective Hughes constituted a newly-discovered fact for purposes of the timeliness exception, as it was his first indication that Detective Hughes "was the target of investigations regarding unconstitutional misconduct, including the coercion and suggestion of false statements, and the suppression of exculpatory and inconsistent evidence by using his position of authority as

[a] homicide detective[.]" Second Amended Petition, 8/30/21, at unnumbered 7. The petition further claimed that Holly filed his petition within one year of his discovery of the allegations. *See id*.

As explained above, an allegation of misconduct by a police officer in an unrelated case does not constitute a newly-discovered fact under the PCRA. *See Castro*, 93 A.3d at 826 (noting that "[s]peculation is no more valuable than allegation"). Thus, Holley's discovery of the allegations of misconduct by Detective Hughes in an unrelated 2017 lawsuit do not constitute "evidence," and instead constitute inadmissible hearsay which cannot qualify as a newly-discovered fact. *See Abu-Jamal*, 941 A.2d at 1269.

Moreover, to the extent that the second amended petition could be construed as presenting Holley's discovery of Stanton and Alston's statements to police as a newly-discovered fact, the petition failed to satisfy the due diligence requirements of the exception. As explained above, the newly-discovered fact exception focuses on the discovery of new *facts*, not on new *sources* for previously known information. *See Marshall*, 947 A.2d at 720. Here, Holley maintained throughout the criminal investigation and, indeed, testified at trial that he was not involved in the altercation with decedent. Further, Holley conceded in his petition that the Commonwealth produced the police interview of Stanton in 1996 at a PCRA evidentiary hearing, which raised defense counsel's ineffectiveness for failing to call Stanton as a witness at trial. Thus, Holley has known since 1996 that Stanton told police that he

witnessed the crime and that Holley was not involved. *See* Second Amended Petition, 8/30/21, at unnumbered 4. Given that Holley has always maintained that he was not involved in the altercation and has known since 1996 that Stanton told police that Holley was not involved in the incident, we are constrained to conclude that Stanton's police interview was not a newly-discovered fact and Alston's police interview was, at best,[7] a newly-discovered source for a previously known fact.

Having determined that Holley's petition was untimely filed and that he failed to plead or prove any exception to the PCRA's one-year time bar, we conclude that the PCRA court lacked jurisdiction to consider it. Accordingly, as we may affirm the PCRA court's order on any basis, we affirm the order denying the petition. *See Ford*, 44 A.3d at 1194 (stating that this Court may affirm a PCRA court's decision on any grounds if the record supports it).

Order affirmed.

_____

[7] Notably, Holley indicates in his second amended petition that the police interviews of Stanton and Alston were included within the homicide investigation file, which he reviewed. However, the petition did not indicate when Holley received a copy of the homicide investigation file, or how long he has been in possession of it. To satisfy the newly-discovered fact exception, Holley was required to plead and prove that the fact was unknown to him and that he could not have discovered the fact at any earlier point in time through the exercise of due diligence. *See* 42 Pa.C.S.A. § 9545(b)(1)(ii); *see also Myers*, 303 A.3d at 121. Holley did not plead or prove that he did not have access to and could not have reviewed the homicide investigation file prior to one year before he filed his petition. *See* 42 Pa.C.S.A. § 9545(b)(2).

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 9/6/2024